Baldwin, J.
delivered the opinion of the court.
The court is of opinion, that the general intent of the testator, John Hoomes the elder, was to keep the *307 property devised to his children respectively (placing his grandson upon the footing of a child) in his family, as long as he could consistently with the rules of law, and without cross remainders, but so as not to restrict the estates in fee given to the first takers further than was expedient in carrying out that general intent. The obvious mode of effecting his purpose, as our laws do not allow the existence of estates tail, was to reduce the estates in fee devised to the children respectively, in the event of their dying without leaving issue, to estates for life; and upon the happening of such contingency in regard to any one of them, to limit over the remainder in fee by way of executory devise to his other children and their descendants. And if there be any difficulty in the construction of this part of the will, it is upon the question, whether the limitation over is to the children who should survive the testator, or those who should survive the first taker. The latter, we think, was the testator’s intention. He clearly intended, if any child should die leaving issue, that such issue should succeed to the original share of the parent, and also to what would have been the contingent interest of the parent, in the original share of any other child, dying before him or her without issue. And whether such succession is to be by descent or purchase, is to be determined by considering, what surviving children were contemplated as beneficiaries on the happening of the contingency. Are we to look to the dead as well as the living, or the living only and the issue of the dead ? We think the latter. We think the testator intended that his children respectively, leaving descendants, should have an estate in fee in the property devised to them respectively; and those not leaving descendants an estate for life only, with a limitation over of the remainder in fee to the testator’s children then surviving, and the descendants of those not then surviving, such descendants to take per stirpes and not per capita. It is ma *308 nifest that the testator’s intent cannot be made effectual by a literal interpretation of the will, whether the construction be in favour of the appellant, or in favour of the appellee; and that we must, in either case, depart from the literal import of the words employed, by understanding them in a different sense, or by supplying words omitted. Either is admissible, or both, to effectuate the testator’s intent; and neither to defeat it. We think that the intention of the testator requires the clause in question (omitting, for perspicuity, the parenthesis in reference to his grandson) to be read thus: “ But it is my express intention, and I do hereby devise and direct, that if any, or either of my four [five] children should die without issue living at the time of his or her death, that all the estate real and personal of every such child, shall be equally divided between the then survivors (or my children then surviving) and the representatives of those not then survivors, (or the representatives of those then dead) according to the principles of the law of descents.” And then, understanding, as we do, “ representatives” to mean here descendants, and “ according to the principles of the law of descents” to import here that they are to take per stirpes and not per capita; the effect of our construction is to give to the appellees, who are the children of the testator’s son Richard, one undivided fourth of the property devised to the testator’s son John, who survived the said Richard, but died without having had issue; being the same interest which their father Richard would have taken had he survived the said John, but to which the appellees succeed, not by descent from their father, but by purchase from their grandfather. As to the construction and effect of the covenant of warranty in the deed of conveyance, embracing the land in question, executed by the said Richard and others, if coupled with the descent of assets from him to the appellees; the court deems it irrelevant to go into the consideration thereof, *309 inasmuch as no such defence was made either in the action of ejectment or the suit in equity; nor can any cause of action founded upon said warranty be prejudiced by said judgment and decree. The court is, therefore, of opinion that there is no error in the said decree of the said circuit superior court. Wherefore it is decreed and ordered that the same be affirmed with costs to the appellees. And the court is further of opinion that the said judgment in the action of ejectment, ought, upon the case agreed, to have been for one undivided fourth part of the lands in said judgment and decree mentioned, whereas the same is for two undivided fourth parts thereof: Wherefore it is considered by the court that the said judgment be reversed and annulled with costs to the appellant: and this court proceeding to render such judgment as the said circuit court ought to have rendered, it is considered that the plaintiff in said ejectment recover against the defendant therein his term yet to come of and in one undivided fourth part of, &c.